DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for Creditor Daniel Donofrio*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

JOSEPH T. VISCONTI AND                             Chapter 13
KATAZYNA M. VISCONTI,                              Case No. 17-23956 (RDD)

                       Debtosr.
---------------------------------------------------------------X

## OBJECTION OF CREDITOR DANIEL DONOFRIO
## TO CONFIRMATION OF THE DEBTORS' PLAN

      Daniel Donofrio, by and through its counsel, DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, as and for his Objection to Confirmation to the Chapter 13 Plan of Joseph T. Visconti and Katazyna M. Visconti (the "Debtors" or "Mr. Visoconti" and "Mrs. Visconti", respectively), respectfully represents as follows:

### BACKGROUND

**The Judgment against Mr. Visconti**

      1.      Mr. Donofrio and Mr. Visconti were business partners who engaged in real estate transactions. In 2008, Mr. Donofrio commenced an action (the "Action") against Mr. Visconti to collect a debt (the "Debt") incurred in connection with their business dealings, *Daniel Donofrio v. Joseph Visconti,* Supreme Court of the State of New York, New York County, Index No. 602469/2008.

1

2.      On February 24, 2011, the Action was resolved by Stipulation of Settlement (the "Stipulation"), pursuant to which Mr. Visconti promised to pay the Debt over time.  Mr. Visconti made some payments, but then failed to comply with the terms of the Stipulation.

3.      On May 23, 2012, the Honorable Doris Ling-Cohen issued a decision (the "Decision") directing the clerk of the court to enter a judgment against Mr. Visconti in favor of Mr. Donofrio in the amount of $85,000.00, with statutory interest at the rate of 9% calculated from February 24, 2011, costs and disbursements to be taxed by the Clerk.

4.      On June 13, 2012, the Clerk of the Court entered a judgment against Mr. Visconti in the amount of $95,505.48 (the "Money Judgment").  On June 21, 2012, the Judgment was docketed in Westchester County.  Copies of the Decision and Westchester County docket record are annexed as **Exhibit A**.

5.      Thereafter, in partial satisfaction of the Judgment Mr. Visconti paid Mr. Donofrio $400 per month from October 2013 to October 2017.

**The Judgment against Mrs. Visconti**

6.      On May 31, 2017, a judgment of foreclosure and sale (the "Foreclosure Judgment") was entered against Mrs. Visconti in *The Bank of New York Mellon fka The Bank of New York, as Trustee v. Katarzyna Visconti*, Supreme Court, Westchester County, Index No. 2612/2010.  The Foreclosure Judgment is related to the Debtors' residence located at 4 Brookfield Road, Bronxville, New York (the "Residence"), which is upon information and belief owned by Mrs. Visconti only.

7.      The Foreclosure Judgment is in the amount of $1,432,662.81, plus (i) interest at the contract rate of 6.375% from August 11, 2016 to May 31, 2017; (ii) interest at the statutory

2

rate of 9% from May 31, 2017; (iii) escrow advances after August 11, 2016; (iv) costs and disbursements in the amount of $1,700; (v) attorneys' fees in the amount of $4,000.

8. On December 1, 2017, Notice of Entry of the Foreclosure Judgment was filed with the Clerk of the Supreme Court, Westchester County. A copy of the Foreclosure Judgment and Notice of Entry is annexed as **Exhibit B**.

## THE CHAPTER 13 FILING

9. On December 19, 2017 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. They also filed Schedules of Assets and Liabilities (the "Schedules") and a Statement of Financial Affairs ("SOFA"). Copies of the Petition, Schedules and SOFA are annexed as **Exhibit C.**

10. The Schedules do not disclose the Money Judgment owed by Mr. Visconti to Mr. Donofrio. Nor is Mr. Donofrio included on the Matrix. This omission is suspect, given that Mr. Visconti was making payments on the Money Judgment as recently as October 2017.

11. The Schedule E/F asserts the Debtors have $0 in priority creditors and only $14,059 in unsecured creditors.

12. Schedule D asserts the Debtors have two secured creditors with "underwater" mortgages. First, The Bank of New York Mellon is alleged to have a mortgage in the amount of $1,400,000 on the Residence, which the Debtors value at $1,200,000. Second, Ocwen Loan Servicing LLC is alleged to have a mortgage in the amount of $594,000 on 44 Dewitt Avenue, Bronxville, New York (the "Investment Property"), which is valued at $575,000.

13. Mr. Donofrio believes the Debtors' valuation of the Investment Property is wrong. Based upon Mr. Donofrio's knowledge of the property and a cursory review of Trulia and

3

Zillow, he believes the correct value to be approximately $775,000. If Mr. Donofrio is correct, the Money Judgment may be fully secured.

14. On January 22, 2018, Mr. Donofrio filed an application to take the Debtors' examination pursuant to Bankruptcy Rule 2004. He intends to further investigate the value of the Investment Property and other inconsistencies and apparent omissions in the Schedules.

15. Mr. Donofrio is in the process of preparing a Proof of Claim.

### CONFIRMATION OF THE PLAN SHOULD BE DENIED

16. On December 20, 2017, the Debtors filed a Chapter 13 Plan (the "Plan").

17. The Plan cannot be confirmed because Mrs. Visconti is not eligible to be a Chapter 13 debtor. A Chapter 13 debtor must owe on the Petition Date noncontingent, liquidated secured debt of less than less than $1,184,200 pursuant to 11 U.S.C. §109(e).

18. The Foreclosure Judgment against Mrs. Visconti is in the amount of $1,432,662.81 plus significant interest, escrow advances and costs. The Foreclosure Judgment is secured by, at a minimum, the value of the Residence which the Schedules assert is in the amount of $1,200,000. That number exceeds the $1,184,200 cap for Chapter 13 debtors.

19. Accordingly, Mrs. Visconti is not eligible to be a Chapter 13 Debtor and cannot confirm the Plan.

20. Even if Mrs. Visconti withdrew her Chapter 13 case, Mr. Visconti cannot confirm the Plan on his own because the Plan does not propose to distribute sufficient funds to address the Money Judgment that was omitted from the Schedules.

21. If the Money Judgment is unsecured because the Investment Property is "underwater", as suggested by the Schedules, the Plan must propose to pay the $95,505.48

Money Judgment and $14,059 in other unsecured creditors in an amount not less than they would receive in a chapter 7 liquidation pursuant to 11 U.S.C. §1325(a)(4). Here, the Plan proposes to pay unsecured creditors a total of $18,000. However, the Schedules disclose a non-exempt cash bank account in the amount of $40,000. Thus, the Plan fails to propose distribution to unsecured creditors in at least the amount they would receive in a chapter 7 liquidation. After investigation, Mr. Donofrio may also uncover additional non-exempt assets.

22. If the Money Judgment is secured because the Investment Property is valued higher than the amount of the mortgage, the Plan must, *inter alia*, provide for retention of the secured claim and payment in full of the allowed amount of the claim pursuant to 11 U.S.C. §1325(a)(5). The Plan does not do so, and thus cannot be confirmed.

23. Mr. Donofrio reserves the right to supplement or amend this objection.

WEREFORE, this Court should deny confirmation or, alternatively, adjourn the hearing on confirmation in order to permit Mr. Donofrio to conduct an examination of the Debtors pursuant to Bankruptcy Rule 2004 regarding inconsistencies and apparent omissions in the Debtors' Schedules.

Dated: White Plains, New York
      January 23, 2018

                    DELBELLO, DONNELLAN,
                    WEINGARTEN, WISE & WIEDERKEHR, LLP
                    Attorneys for Daniel Donofrio
                    One North Lexington Avenue
                    White Plains, New York 10601
                    (914) 681-0200

                      *Dawn Kirby*
                  By: _____
                      Dawn Kirby, Esq