DELBELLO DONNELLAN WEINGARTEN            *Hearing Date: May 9, 2018*
WISE & WIEDERKEHR, LLP                   *Hearing Time: 10:00 a.m.*
*Attorneys for Creditor, Daniel Donofrio*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

JOSEPH T. VISCONTI AND                   Chapter 13
KATAZYNA M. VISCONTI,                    Case No. 17-23956 (RDD)

                Debtor.
-----------------------------------------------------------X

**OBJECTION OF CREDITOR, DANIEL DONOFRIO, TO DEBTORS'
NOTICE OF DISMISSAL AND LIMITED OBJECTION TO CHAPTER 13
TRUSTEE'S MOTION TO DISMISS DEBTORS' CHAPTER 13 CASE**

TO:    HONORABLE ROBERT D. DRAIN
         UNITED STATES BANKRUPTCY JUDGE

        Daniel Donofrio ("Donofrio"), a secured judgment creditor in the above-captioned Chapter 13 proceeding, by his counsel, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, submits this objection to the Debtor's Notice of Dismissal (the "Dismissal Notice") [Docket No. 27] and limited objection to the Motion of the Chapter 13 Trustee seeking a dismissal of the Debtor's Chapter 13 case (the "Dismissal Motion") [Docket No. 23] (collectively, the "Objection"). In support of this Objection, Donofrio respectfully represents as follows:

**BACKGROUND**

        1.     A full recitation of the underlying facts, through April 15, 2018, has been previously filed with the Court in Donofrio's Application for an Examination of Debtor's

counsel pursuant to Bankruptcy Rule 2004 Order (the "Second 2004 Application") [Docket No. 26]. However, the salient facts, in summary, as well as the recent facts, are set forth herein.

2.     Mr. Donofrio and Mr. Visconti are former business partners. In connection with their business dealings, Mr. Visconti owed a debt to Mr. Donofrio (the "Debt"), which resulted in state court litigation (the "Action") to collect the Debt. The Action was resolved by Stipulation of Settlement (the "Stipulation"), pursuant to which Mr. Visconti promised to pay the Debt over time. Mr. Visconti made some payments, but thereafter failed to comply with the terms of the Stipulation. Ultimately, a judgment was entered in the Action against Mr. Visconti and in favor of Mr. Donofrio in the amount of $85,000.00, with statutory interest at the rate of 9% calculated from February 24, 2011, and costs and disbursements to be taxed by the Clerk (the "Judgment") The Judgment against Mr. Visconti in the amount of $95,505.48 was docketed in Westchester County. Thereafter, in partial satisfaction of the Judgment Mr. Visconti paid Mr. Donofrio $400 per month from October 2013 to October 2017.

3.     On December 19, 2017 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs ("SOFA").

4.     The Debtors failed to disclose the Judgment. Nor did the Debtors include Mr. Donofrio on the Matrix. It is hard to believe this omission was an innocent mistake, as Mr. Visconti was making payments on the Judgment as recently as October 2017. Additionally, Mr. Donofrio believes the Debtors' investment property (the "Investment Property") located at 40 Dewitt Avenue, Bronxville, NY 10708 is undervalued and is not "underwater" but rather has at least $200,000 in equity.

5.     Numerous other questions, including Mr. Visconti's business interests, lead Mr.

2

Donofrio to file an application for an order pursuant to Bankruptcy Rule 2004 directing the Debtors to produce documents and appear an examination (the "First 2004 Application").

6. On January 25, 2018, this Court entered an order granting the 2004 Application (the "2004 Order"). The 2004 Order and 2004 Subpoenas were served on the Debtors and their counsel. Documents were due by February 16, 2018, and examinations were scheduled on February 23, 2018.

7. The Debtors have utterly failed to comply with the 2004 Subpoenas. Counsel for Mr. Donofrio has attempted to resolve the failure to comply through Debtors' counsel and has demanded compliance from Debtors' counsel, but no response has been received.

8. The Debtors failed to appear at the initial 341 meeting or any subsequently adjourned date.

9. On February 14, 2018, Debtors' counsel represented to this Court that the Debtors were going to withdraw their Chapter 13 case. Counsel for Mr. Donofrio has repeatedly emailed Debtors' counsel about filing the Debtors' Notice of Dismissal, but Debtors' counsel has completely stonewalled Mr. Donofrio's counsel (and did not file a Notice of Dismissal until April 17, 2018, under the circumstances further discussed below).

10. On March 16, 2018, Mr. Donofrio, at an expense, was forced to file a motion to extend his time to object to the Debtors' discharge or the dischargeability of the Judgment, which is scheduled for a hearing on June 27, 2018.

11. On March 26, 2018, the Chapter 13 Trustee filed the Dismissal Motion, which is scheduled for a hearing on May 9, 2018.

12. Mr. Donofrio intended to file a motion to compel compliance with the 2004 Subpoenas, but the motion would not be returnable before the Chapter 13 Trustee's Dismissal

3

Motion.

13. Accordingly, on April 16, 2018, Mr. Donofrio sought an order from this Court directing the Debtors' counsel to produce the documents that he must have in his possession in connection with his preparation of the Chapter 13 case. *See, Second 2004 Application* [Docket No. 26].

14. In response to the Second 2004 Application, Debtors' counsel filed the Notice of Dismissal and an Affirmation in Opposition (the "Affirmation in Opposition"). In the Affirmation in Opposition, Debtors' counsel states that despite his representation to the Court on February 14, 2018, he didn't file a Notice of Dismissal because the Chapter 13 Trustee filed a Motion to Dismiss. However, the Chapter 13 Trustee's Dismissal Motion was not filed until March 26, 2018, which is 46 days after Debtors' counsel represented that he would file a Notice of Dismissal.

15. It is apparent that the Debtors have simply been trying to stay in Chapter 13 for as long as possible to receive the protection of the automatic stay, with no intention of confirming a Chapter 13 plan, while flouting this Court's order and subpoenas, and hiding behind a representation that they'll be dismissing their case.

16. It was not until Mr. Donofrio filed the Second 2004 Application that Debtors' counsel immediately thereafter, on April 17, 2018, filed the Notice of Dismissal, thus reinforcing the premise that the Debtors are trying to have their cake and eat it too. After over 2 months of not filing a Notice of Dismissal, stonewalling the Donofrio's counsel, and claiming that no Notice of Dismissal was necessary because the Chapter 13 Trustee filed a Dismissal Motion, Debtors' counsel inexplicably filed the Notice of Dismissal.

17. Mr. Donofrio has gone to great lengths to protect his interests in this case, while

4

the Debtors are seemingly taking advantage of the system. In order to address this injustice, this Court should not dismiss the Debtors' Chapter 13 case until the Debtors and/or Debtors' counsel comply with this Court's order, produce all subpoenaed documents, and appear for examinations.

18.  In summary, the Debtors have failed to list at least one major creditor on their Schedules, have likely undervalued assets, have failed to appear for their 341 meeting, have defied an order and subpoenas of this Court, and have made misrepresentations to the Court in order to prolong their protection under the automatic stay provisions of the Bankruptcy Code. Now, the Debtors seek to simply have their Chapter 13 case dismissed and escape the jurisdiction of this Court, whose order they have failed to comply with. The Debtors' behavior in this case is abusive and egregious, and the Court should not allow the Debtors' Chapter 13 case to be dismissed until the Debtors and/or Debtors' counsel comply with this Court's order, produce all subpoenaed documents, and appear for examinations.

19.  It is Donofrio's belief that the Debtors do not have an absolute right to have their Chapter 13 case dismissed and that existing case law dictates that, pursuant to §§ 105(a) and 1307 (b) and (c), the Court may deny the Debtors an order of dismissal and/or convert the Debtors' case to one under Chapter 7 of the Bankruptcy Code and that the Debtors' absolute right to dismiss is tempered by a bad faith exception. *See*, Marrama v. Citizens Bank of Mass., 549 U.S. 365, 368-69 (2007). Donofrio asserts that the Debtors' bad faith in this case should disallow the dismissal of the Debtors' Chapter 13 case until the Debtors and/or Debtors' counsel comply with this Court's order, produce all subpoenaed documents, and appear for examinations, or in the alternative, the Debtors' case should be converted to one under Chapter 7 of the Bankruptcy Code.

5

6

**WHEREFORE, Donofrio** respectfully requests that the Court deny the Chapter 13 Trustee's Dismissal Motion, together with such other and further relief as is just and proper.

Dated: White Plains, New York
      April 24, 2018

                                              DELBELLO DONNELLAN WEINGARTEN
                                              WISE & WIEDERKEHR, LLP
                                              *Attorneys for Creditor, Daniel Donofrio*
                                              One North Lexington Avenue, 11th Floor
                                              White Plains, New York 10601
                                              (914) 681-0200

                                              */s/ Dawn Kirby*
                                               Dawn Kirby